# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>    v.<br><br>MARIA JESUS LUCIANO,<br><br>    Defendant | Case No.: 2:17-cr-143-APG-PAL<br><br>**Order Granting Motion for<br>Compassionate Release**<br><br>(ECF Nos. 68, 72) |

Defendant Maria Jesus Luciano is serving the last few months of her custodial term on home detention.  She has been diagnosed with rectal cancer.  The ankle monitor the Bureau of Prisons (BoP) requires her to wear allegedly interferes with her testing and medical treatment, and it takes too long to obtain permission from the BoP to remove the bracelet.  Luciano's custodial sentence will expire on April 8, 2021.  She moves for early termination of that sentence under 18 U.S.C. § 3582(c)(1)(A) based on her cancer diagnosis. ECF Nos. 68, 72.  I will grant the motion.

Luciano has exhausted her administrative remedies under 18 U.S.C. § 3582(c)(1)(A).

I can grant compassionate release if it is supported by the factors in 18 U.S.C. § 3553(a), "extraordinary and compelling reasons warrant" a reduction in the sentence, and a reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

Luciano pleaded guilty to 11 counts of mail fraud and was sentenced to 27 months in custody plus three years of supervised release. ECF No. 58.  She has approximately 22 days

remaining on her custodial sentence, which she is serving on home detention.  Based on her aggressive medical treatment, she appears to no longer be a threat to the community.

The very short remaining time in custody favors immediate release.  Courts are to impose sentences that are "sufficient but not greater than necessary." 18 U.S.C. § 3553(a).  Reducing her sentence by 22 days will not alter the deterrent effect or protection of the public that came with her custodial sentence. *See United States v. Connell*, No. 18-CR-00281-RS-1, 2020 WL 2315858, at *6 (N.D. Cal. May 8, 2020) (finding that the immediate release of an at-risk inmate with 30 days remaining on his sentence "will in no way undermine the sentencing objectives espoused in 18 U.S.C. § 3553(b)").  The § 3553(a) factors favor immediate release here.

Finally, there are extraordinary and compelling reasons to grant Luciano compassionate release.  She must be able to undergo testing and treatment without the interference of an ankle monitor.  The Probation Office can monitor her in other ways to ensure she is complying with the conditions of supervision.  There is no good reason to deny her request.

I will reduce Luciano's custodial sentence to time served.  She shall serve a term of supervised release of three years as originally imposed. ECF No. 58.  All of the conditions of supervision imposed in the Judgment remain in effect except that Standard Condition No. 1 is modified such that Luciano shall contact by telephone (rather than report in person to) the federal probation office in Tampa, Florida (813-301-5600) within 72 hours.

I THEREFORE ORDER that Luciano's motion **(ECF Nos. 68, 72) is GRANTED**. Luciano's custodial sentence is reduced to time served.

I FURTHER ORDER Luciano's counsel to immediately send a copy of this order to her contact at the Bureau of Prisons, so the Bureau is aware of this change.

I FURTHER ORDER that Luciano shall serve a term of supervised release of three years as originally imposed. ECF No. 58.  All of the conditions of supervision imposed in the Amended Judgment remain in effect except that Standard Condition No. 1 is modified such that Luciano shall contact by telephone (rather than report in person to) the federal probation office in Tampa, Florida (813-301-5600) within 72 hours.

Dated this 16th day of March, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

3